**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KENT ALLEN, JR., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:22-cv-01349 (UNA) |
| | ) | |
| KENT ALLEN, | ) | |
| | ) | |
| *Defendant*. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, Dkt. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), Dkt. 2.  The Court will grant the IFP Application and dismiss the case because the Complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff Kent Allen, Jr., a resident of Miami, Florida, Compl. at 1, sues his own father, Kent Allen, Sr., who is located in Milton, Delaware, *see id.* at 2; Notice at 1, Dkt. 5. Preliminarily, the Complaint and IFP Application both fail to comply with Federal Rule 10(a) and D.C. Local Rule 5.1(g), because neither are captioned for this Court, or for that matter, any other.  *See* Compl. at 1; IFP Application at 1.

*Pro se* litigants must comply with the Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75

F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions

. . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F.

Supp. 3d 163, 169 (D.D.C. 2014) (internal quotation marks omitted).

Plaintiff alleges that his father slandered his "work performance" and his "music career"

"by use of the general public [and] images directed toward [him]" and that his father further

sought to harm his reputation "to the general public about [plaintiff's] sexual lifestyle."  *See*

Compl. at 4. Plaintiff also contends that his father invaded his "privacy" and his "personal

lifestyle," and checked his "bank accounts."  *See id*.  Finally, Plaintiff broadly alleges that his

father engaged in other criminal acts, including a shooting.  *See id*.  He demands anywhere

between $1,250,000 and $5,250,000 in damages.  *See id*. at 4, 7.

Put simply, the Complaint consists of a random collection of statements without clarity or

particularity.  Plaintiff provides no factual context or information to make out any discernible

claim, nor does he establish any basis for subject matter jurisdiction or venue.  An Order

consistent with this Memorandum Opinion is issued separately.

June 21, 2022

DABNEY L. FRIEDRICH
United States District Judge